United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642
Rachel M. Smith, Trial Attorney
RMS-7452

RECEIVED
WILLIAM T. WALSH, CLER

2005 MAY 12  P 4: 0

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. ) 05cv 2523 (FLW) |
| v. | ) COMPLAINT AND ) JURY TRIAL DEMAND |
| CLYDE BERNARD & ASSOCIATES INC., d/b/a OTT'S TAVERN | ) ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Theresa Riley. As alleged with greater particularity in Paragraphs 7 and 8 below, the Commission alleges that Defendant discriminated against Ms. Riley when it subjected her to sexually explicit, insulting, and derogatory comments and physical harassment from Defendant's president which created a sexually hostile and offensive work environment. The Commission further alleges that after Ms. Riley complained about the sexual harassment, Defendant's president then subjected Ms. Riley to retaliatory harassment. As a result of the unlawful employment practices, Ms. Riley has suffered backpay losses and emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000e 2(a)(2).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Ott's Tavern ("Defendant Employer") has continuously been doing business in the State of New Jersey and the City of Delran and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Theresa Riley filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February of 2001, Defendant Employer has engaged in unlawful employment practices at its Delran, New Jersey location in violation of §703(a)(1) of Title VII, 42

U.S.C. §2000e-2(a)(1), by subjecting Theresa Riley to a sexually hostile work environment when Defendant's president, Donald Bigley, engaged in a pattern of sexually offensive conduct against Ms. Riley based on her sex, female. The unlawful employment practices included, but were not limited, to the following:

(a) Theresa Riley began working for Defendant Employer as a waitress at Ott's Restaurants' Delran, New Jersey facility on or about February 1, 2001.

(b) Shortly after being hired, Ms. Riley was subjected to derogatory name calling and swearing such as being called a "stupid f-cking idiot" in front of customers and co-workers by Bigley.

(c) Mr. Bigley also made inappropriate sexual comments to Ms. Riley such as "the way you dance is an indication of how you have sex." This comment was made after she and other staff members attended a co-worker's wedding and reception.

(d) Ms. Riley was regularly subjected by Bigley to sexually charged language when he asked Ms. Riley, "Would you ever do a black guy?", "Do you masturbate with a dildo?", and discussed how he aroused his wife before having sex.

(e) Ms. Riley made numerous requests to Bigley that he stop making the offensive, unwelcome and inappropriate sexual comments; however, the comments continued.

(f) In addition to the verbal assaults, Ms. Riley was also subjected to inappropriate and unwelcome physical touching by Bigley. On or about May 4, 2004, Ms. Riley was attempting to retrieve money that had been lodged in a drop slot in the rear of the restaurant. As she was bending down to retrieve the money out of the slot, Mr. Bigley came up behind her and smacked Ms. Riley on her buttocks in front of other wait-staff, while laughing at her.

(g) Ms. Riley complained directly to Bigley stating that the incident left her feeling belittled and mocked, causing her further humiliation and embarrassment. She asked him why he smacked her buttocks, he responded, "It was there." He further went on to say that the incident was humorous to him, like an episode of "I Love Lucy." Ms. Riley was disturbed and upset by the response from Mr. Bigley.

(h) Bigley continued to taunt Ms. Riley about the incident in which he smacked her buttocks. He responded to one of Ms. Riley's complaints by suggesting that his behavior was appropriate for a bar atmosphere, and that maybe the bar environment was not right for her.

(i) Defendant failed to take prompt or effective remedial action on Ms. Riley's behalf. As a result of its failure to address the sexual harassment, Ms. Riley was forced to tolerate a working environment that was sexually hostile and demeaning toward Ms. Riley as a female.

8. Since at least June, 2004, Defendant Employer has engaged in unlawful employment practices at its Delran, New Jersey facility, in violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a). These unlawful retaliatory practices include, but are not limited to, the following:

(a) After complaining of sexual harassment, Ms. Riley was subjected to retaliatory harassment by Bigley, which included hostile comments and conduct. In particular, Mr. Bigley mocked her complaints about the incident where he smacked her buttocks, and acted in an intimidating and threatening manner towards her. Specifically, he made faces and stared at Ms. Riley with his arms folded, ridiculed and blamed Ms. Riley for mistakes for which she was not responsible, and constantly threatened to fire her.

(c) Further retaliatory conduct included Bigley substantially reducing the shifts that Ms. Riley was scheduled to work. Before Ms. Riley's complaints, she was scheduled to work 30-

36 hours a week; after her complaints of sexual harassment, Bigley reduced her hours to two (2) hours during a weekday lunch shift.

(d) Unable to endure further physical or verbal assaults, Ms. Riley resigned on or about May 15, 2004. After her resignation, Bigley phoned Ms. Riley to ask her to return to work and assured her that "things would be different." Despite these representations, when Ms. Riley returned to work for Defendant, she was again subjected to sexual harassment and retaliatory behavior which has continued to the present.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Theresa Riley of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, and in retaliation for her opposition to unlawful harassment.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Theresa Riley.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment based on sex or retaliation, and from engaging in any other employment practice which discriminates on the basis of sex, or retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for persons who oppose discriminatory practices, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Theresa Riley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment.

D.  Order Defendant Employer to make whole Theresa Riley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including out of pocket losses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Theresa Riley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to determined at trial.

F.  Order Defendant Employer to pay Theresa Riley punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ERIC S. DRIEBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Jacqueline H. McNair*
**JACQUELINE H. MCNAIR**
Regional Attorney

*/s/ Judith A. O'Boyle*
**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

*/s/ Rachel M. Smith*
**RACHEL M. SMITH**
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642; (215) 440-2848 (FAX)